[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S OBJECTION TO THE SUPPLEMENTAL FINDING OF FACT
CT Page 1830-ac
The plaintiff Circle "A" Automotive Services, Inc., objects to the acceptance by the court of the supplemental finding of fact and recommendation of the attorney fact finder in this matter. This case was tried to a fact finder pursuant to Conn. P. B. § 23-53. The fact finder filed an initial finding on April 3, 2000, and, after a remand by the court with a direction to consider additional evidence, a supplemental finding on December 21, 2000.
The facts found by the fact finder can fairly be summarized as follows. The defendant is a corporation that does business as American Toilet Rentals. The plaintiff is a business enterprise that performed repair work on the trucks of the defendant. The parties signed a written contract and application for credit on August 25, 1994. The defendant paid the plaintiff on an open credit arrangement when the. defendant sent invoices for the truck repairs. There now exist unpaid invoices in the amount of $12,470.21
The fact finder found that from 1994 until their dealings went sour in 1999, the plaintiff and the defendant had a continuous course of doing business in which the defendant dropped off one of its vehicles to plaintiff's place of business informing the plaintiff what work had to be done and gave oral permission each time to make the required repairs.
The issue for this court is whether Conn. Gen. Stat. § 14-65f(a) applies to this situation. That statute states:
 Prior to performing any repair work on a motor vehicle, a motor vehicle repair shop shall obtain a written authorization to perform the work, on an invoice signed by the customer, which includes an estimate in writing of the maximum cost to the customer of the parts and labor necessary for the specific job authorized. A repair shop shall not charge for work done or parts supplied without a written authorization or in excess of the estimate unless the customer gives consent orally or in writing.
From the facts found by the fact finder, this court concludes that the statute applies, that the plaintiff is not entitled to collect on the unpaid invoices, and that judgment must enter for the defendant. CT Page 1830-ad
First, the facts found by the fact finder in the original and supplemental finding support the conclusion that the plaintiff is a "motor vehicle repair shop." Conn. Gen. Stat. § 14-65e defines that term to mean "a new car dealer, a used car dealer, a repairer, or a limited repairer, as defined in section 14-51, or their agents or employees." Under Conn. Gen. Stat. § 14-51, a "repairer" includes "any qualified person, having a suitable place of business and having adequate equipment, engaged in repairing, overhauling, adjusting, assembling or disassembling any motor vehicle, but shall exclude a person engaged in making repairs to tires, upholstering, glazing, general black smithing, welding and machine work on motor vehicle parts when parts involving such work are disassembled or reassembled by a licensed repairer." There are no applicable exceptions for the general types of repairs done by the plaintiff.
Second, there is no exception for purely commercial contracts. Although the statute uses the term "customer" to describe the consumer of the services, the statute does not indicate, as do certain consumer protection statutes, that it only applies to natural persons. Compare, e.g., Conn. Gen. Stat. § 42-220(5) ("consumer" in purchase of used motor vehicle means one who uses car for "personal, family or household purposes") with Conn. Gen. Stat. § 42-110 ("person" under unfair trade practices act means "a natural person, corporation . . . and any other legal entity"). Nor is there any part of the statute that permits an exemption to arise as a result of an ongoing course of conduct between two businesses.[1]
The only other question is whether the writing that the parties entered into, or some other oral discussion between them, operated as a waiver of the statutory requirements.
Under Conn. Gen. Stat. § 14-65g. the customer can waive its right to a written estimate but "only in writing," on a waiver form signed by the customer that specifies a maximum dollar amount that the shop is authorized to charge unless the shop obtains further consent.
Here, the written contract of the parties, signed by the defendant, authorizes "said services and/or repairs to be done on its vehicle(s)." It does not contain any of the other requirements of the waiver statute, such as a specification that the repairs only be those that are "reasonable and necessary repairs to remedy the problem complained of," an upper limit on the cost "not to exceed a fixed dollar amount," and a proviso that the plaintiff cannot exceed the maximum cost limit on those CT Page 1830-ae repairs without written or oral consent. Conn. Gen. Stat. § 14-65g(a) and(b). The contract of the parties does not meet the statutory requirements for a written waiver of advance estimate.
The only remaining avenue by which the plaintiff is entitled to charge defendant for the repair work is that contained in 14-65f(b), which provides:
 (b) If the repair shop is unable to estimate the cost of repair because the specific repairs to be performed are not known at the time the vehicle is delivered to the repair shop, the written authorization required by this section need not include an estimate of the maximum cost of parts and labor. In such a case, prior to commencing any repairs, the repair shop shall notify the customer of the work to be performed and the estimated maximum cost to the customer of the necessary parts and labor, obtain the customer's written or oral authorization and record such information on the invoice.
Here, the defendant dropped off the vehicles in such a way that the plaintiff may have been unable to estimate the cost of repair because the specific repairs to be performed were not known at the time the vehicle was delivered to the repair shop. The defendant signed an initial written authorization for the shop to repair its vehicles, though not on the invoice for each vehicle as contemplated by the statute.[2] But the remaining requirements of this section have not been met. The plaintiff has failed to prove that prior to commencing any repairs, it notified the customer of the work to be performed and the estimated maximum cost; and thereafter the plaintiff obtained no subsequent authorization or consent to the work.
The legislature could have chosen to restrict the benefits of the statute to individual consumers who are natural persons only, or to broaden the waiver provisions to include an implied waiver of written authorizations where individuals or businesses have a repeated and regular course of dealing. But as it stands, the statute is unambiguous on its face, as are the underlying facts found by the fact finder. Without a written waiver of advance estimates or a subsequent notification to the customer of the estimate followed by further oral or written authorization, the plaintiff is prohibited by statute from charging for its repair work, period. CT Page 1830-af
Pursuant to Conn. P. B. § 23-58(a)(6), the court accepts the facts as outlined above, but rejects the conclusions and recommendations of the fact finder and enters judgment for the defendant.
Patty Jenkins Pittman, J